UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO GRAY, | ) | Case No. 1:06CV1308 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| vs. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| STUART HUDSON, WARDEN, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

On May 25, 2006, Ricardo Gray (hereinafter "Petitioner"), through counsel, filed a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 challenging various state court rulings on his motion for leave to file a motion for new trial. Electronic Case Filing ("ECF") Dkt. #1. On October 6, 2006, Warden Stuart Hudson (hereinafter "Respondent") filed an answer/return of writ. ECF Dkt. #8. On January 2, 2007, Petitioner filed a traverse. ECF Dkt. #13.

For the following reasons, the undersigned recommends that the Court deny Petitioner's §2254 federal habeas corpus petition based upon the doctrine of procedural default and dismiss the petition with prejudice. ECF Dkt. #1.

**I.     FACTUAL BACKGROUND/PROCEDURAL HISTORY**

On November 30, 1998, the Cuyahoga County Grand Jury indicted Petitioner on one count of aggravated murder with a firearm specification in violation of Ohio Revised Code § 2903.01. ECF Dkt. #8, Exhibit 2. On February 23, 1999, a jury found Petitioner not guilty of

1

aggravated murder with a firearm specification, but found him guilty of the lesser included offense of murder with a firearm specification in violation of Ohio Revised Code §2903.02 and felonious assault with a firearm specification in violation of Ohio Revised Code §2903.11. ECF Dkt. #8, Exhibit 4. On the same date, the trial court sentenced Petitioner to a total prison term of twenty-three years to life, which included fifteen years for murder plus three years for the firearm specification and five years for the felonious assault conviction plus three years for the firearm specification, with the firearm specifications merged. *Id.*

**A.      DIRECT APPEAL**

On March 23, 1999, Petitioner, through counsel, appealed his conviction and sentence and filed an appellate brief with the Eighth District Court of Appeals, asserting the following assignments of error:

1.      PROSECUTORIAL CONDUCT DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR TRIAL.

2.      THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO BE PRESENT AT EVERY CRITICAL STAGE OF HIS TRIAL.

3.      PREJUDICIAL HEARSAY WAS ADMITTED INTO EVIDENCE WHICH DENIED THE APPELLANT HIS RIGHT OF CONFRONTATION.

4.      THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL JURY.

ECF Dkt. #8, Exhibit 6. The State filed an appellee brief on February 14, 2000. ECF Dkt. #8, Exhibit 7. On June 28, 2000, without leave of court, Petitioner filed an "Application of Pro-se Supplemental Brief Support" in the appellate court asserting the following assignments of error:

1.      INEFFECTIVE ASSISTANCE OF COUNSEL

2

2.      PROSECUTOR MISCONDUCT DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR TRAIL[sic]

3.      INSUFFICIENT OF EVIDENCE

ECF Dkt. #8, Exhibit 8.

On August 7, 2000, the Eighth District Court of Appeals issued an opinion addressing and overruling each of the assignments of error presented by Petitioner through counsel on direct appeal.  ECF Dkt. #8, Exhibit 10.

On September 11, 2000, Petitioner, through new counsel, filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court.  ECF Dkt. #9, Exhibit 11.  Petitioner raised the following propositions of law in his memorandum:

1.      A DEFENDANT IS DENIED A FAIR TRIAL WHERE THE PROSECUTING ATTORNEY COMMENTS AND ARGUES TO THE JURY THAT DEFENDANT, AFTER HIS MIRANDA WARNINGS, REQUESTED TO SPEAK TO HIS ATTORNEY.

2.      A DEFENDANT IS DENIED HIS CONSTITUTIONAL RIGHT TO BE PRESENT WHERE THE COURT CONDUCTS A VOIR DIRE EXAMINATION OF A JUROR CONCERNING JUROR PREJUDICE.

3.      A DEFENDANT IS DENIED HIS RIGHT TO CONFRONTATION AND CROSS EXAMINATION WHEN THE COURT ADMITS EVIDENCE FROM A DETECTIVE CONCERNING THE RESULTS OF HIS INVESTIGATION.

4.      A DEFENDANT IS DENIED HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL JURY WHERE JURORS HAVE BEEN EXPOSED TO NEWSPAPER ARTICLES INVOLVING THE OFFENSE.

5.      A DEFENDANT IS DENIED A FAIR TRIAL WHEN HE WAS ALLOWED TO BE CONVICTED OF MURDER AND FELONIOUS ASSAULT EVEN IF CAUSED BY AN INTERVENING ACT OF ANOTHER PERSON.

6.      A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT AMENDS THE STATUTE.

3

7.      A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT DILUTES THE REQUIREMENT OF PROVING A SPECIFIC INTENT.

8.      A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT AMENDS THE STATUTE BY ALLOWING THE PROSECUTOR TO CONVICT IF THERE IS AN ACT OR FAILURE TO ACT ON BEHALF OF DEFENDANT.

9.      A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT INSTRUCTS A PRESUMPTION.

10.     A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE JURY WAS INSTRUCTED CONCERNING FLIGHT.

11.     A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HE IS SENTENCED TO CONSECUTIVE SENTENCES WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA.

12.     A DEFENDANT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE THROUGH ERRORS AND OMISSIONS DEFENDANT HAS BEEN PREJUDICED.

13.     A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT INSTRUCT ON VOLUNTARY MANSLAUGHTER.

ECF Dkt. #8, Exhibit 12.  The State of Ohio filed a memorandum in response to jurisdiction and on November 22, 2000, the court dismissed the appeal as not involving any substantial constitutional question.  ECF Dkt. #8, Exhibits 13, 14.

### B.    OHIO APPELLATE RULE 26(B) APPLICATION TO REOPEN

On October 31, 2000, while his direct appeal was pending before the Ohio Supreme Court, Petitioner, through prior Ohio Supreme Court counsel, filed an application to reopen in the appellate court pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  ECF Dkt. #8, Exhibit 15.  Petitioner asserted the following nine assignments of error:

I.      DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL

4

COUNSEL.

II.     DEFENDANT WAS DENIED A FAIR TRIAL WHEN HE WAS
        ALLOWED TO BE CONVICTED OF MURDER AND FELONIOUS
        ASSAULT EVEN IF THE DEATH AND INJURY WAS CAUSED BY
        AN INTERVENING ACT OF ANOTHER PERSON.

III.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        COURT AMENDED THE STATUTE.

IV.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        COURT DILUTED TH REQUIREMENT OF PROVING A SPECIFIC
        INTENT.

V.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        COURT AMENDED THE STATUTE BY ALLOWING THE
        PROSECUTOR TO CONVICT IF THERE WAS AN ACT OR
        FAILURE TO ACT ON BEHALF OF DEFENDANT.

VI.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        COURT GAVE IMPROPER PRESUMPTION TO THE JURY.

VII.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        JURY WAS INSTRUCTED ON A NON-ISSUE OF FLIGHT.

VIII.   DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE
        WAS SENTENCED TO CONSECUTIVE SENTENCES WITHOUT
        CONSIDERATION OF THE STATUTORY CRITERIA.

IV.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
        COURT DID NOT INSTRUCT ON VOLUNTARY
        MANSLAUGHTER.

ECF Dkt. #8, Exhibit 15.  The State filed a memorandum in opposition to the Rule 26(B)

application, arguing that *res judicata* barred Petitioner's claims because he had directly

appealed these claims to the Ohio Supreme Court.  ECF Dkt. #8, Exhibit 16.


        On September 17, 2001, the appellate court granted in part and denied in part

Petitioner's Rule 26(B) application.  ECF Dkt. #8, Exhibit 17.  The court found that the trial

5

court did not make the requisite findings required by statute when sentencing Petitioner to consecutive sentences, but denied the rest of Petitioner's assignments of error.  *Id.*

On October 22, 2001, Petitioner, through counsel, appealed the appellate court's decision as to the denial of the rest of his assignments of error to the Ohio Supreme Court. ECF Dkt. #8, Exhibits 19, 20.  The State filed a memorandum in opposition to jurisdiction and on December 19, 2001, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question.  ECF Dkt. #8, Exhibit 22.

As to the one assignment of error that the appellant court reopened relating to consecutive sentencing, Petitioner filed his appellant's brief in this matter, but it was stricken from the record as non-compliant with the Ohio Appellate Rules.  ECF Dkt. #8, Exhibits, 23, 24.  Petitioner thereafter filed a compliant brief and on March 25, 2002, the appellate court vacated Petitioner's original sentence and remanded the case for resentencing.  ECF Dkt. #8 Exhibit 27.

## C.  FIRST RESENTENCING

On April 5, 2002, while he was awaiting resentencing in the trial court, Petitioner, through counsel, filed a motion to dismiss the felonious assault count with the trial court, indicating that while he was awaiting resentencing, the Ohio Supreme Court had ruled that felonious assault was not a lesser included offense of attempted murder.  ECF Dkt. #8, Exhibit 29.  The State opposed the motion, and on June 5, 2002, the trial court denied the motion to dismiss and resentenced Petitioner to the same term of imprisonment as the original sentence; that is, twenty-three years to life.  ECF Dkt. #8, Exhibits 30, 31.

On June 28, 2002, Petitioner, through counsel, filed a notice of appeal from the

resentencing order to the Eighth District Court of Appeals. ECF Dkt. #8, Exhibit 32.  Petitioner

presented the following assignments of error in that brief:

> 1.  DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION TO DISMISS THE FELONIOUS ASSAULT COUNT OF THE INDICTMENT.
>
> 2.  DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT CONDUCT A NEW RESENTENCING HEARING AS ORDERED BY THE COURT.
>
> 3.  DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MECHANICALLY REIMPOSED THE SAME SENTENCE WHICH WAS IN PART BASED ON MISINFORMATION.
>
> 4.  DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT AFFORDED HIS RIGHT OF ALLOCUTION.

ECF Dkt. #8, Exhibit 33.  The State filed an appellee brief and on February 10, 2003, the

appellate court agreed with Petitioner's second and fourth assignments of error and held that

the trial court failed to conduct a new resentencing hearing as ordered and failed to allow

Petitioner his right to allocute at the hearing.  ECF Dkt. #8, Exhibits 34, 35.  The court

therefore vacated Petitioner's sentence and remanded it to the trial court for a second

resentencing.  *Id.*

On March 25, 2003, the State of Ohio filed a notice of appeal of the appellate court's

second resentencing opinion to the Ohio Supreme Court.  ECF Dkt. #8, Exhibit 37.  In its

memorandum in support of jurisdiction, the State asserted the following proposition of law:

> PROPOSITION OF LAW NO. 1: WHERE A DEFENDANT ALLEGES A DENIAL OF THE RIGHT OF ALLOCUTION AT SENTENCING, AND THE REVIEWING COURT FINDS SUCH ERROR TO EXIST, THE COURT MUST CONSIDER WHETHER THE ERROR WAS INVITED OR HARMLESS BEFORE REMANDING THE CASE FOR A NEW HEARING.

ECF Dkt. #8, Exhibit 38.  On April 2, 2003, Petitioner, through counsel, filed a notice of appeal

7

and cross-appeal.  ECF Dkt. #8, Exhibit 39.  He thereafter filed his memorandum in opposition to jurisdiction over the State's appeal and a memorandum in support of jurisdiction over his appeal in which he presented the following proposition of law:

> A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILS TO DISMISS A CONVICTION FOR FELONIOUS ASSAULT WHERE DEFENDANT HAS BEEN CHARGED WITH ATTEMPTED AGGRAVATED MURDER AND ATTEMPTED MURDER.

ECF Dkt. #8, Exhibit 40.  The State filed its own response opposing jurisdiction over the cross-appeal and in support of jurisdiction over its appeal.  ECF Dkt. #8, Exhibit 41.

On June 11, 2003, the Ohio Supreme Court denied the State leave to appeal, denied Petitioner leave to cross-appeal, and dismissed these actions as not involving any substantial constitutional questions.  ECF Dkt. #8, Exhibit 42.

### D.    MOTION FOR NEW TRIAL

On August 29, 2002, while his appeal was pending before the Eighth District Court of Appeals, Petitioner, through counsel, filed a "motion for new trial based on newly discovered evidence or, in the alternative, petition for postconviction relief."  ECF Dkt. #8, Exhibit 43. Petitioner asserted that the testimony presented by the two witnesses at trial, Anthony Mixon and Arthur Jackson, who identified him as the shooter, was false because they were coerced to identify Petitioner as the shooter.  *Id.*  Petitioner attached the affidavits of Mixon and Jackson in which they recanted their testimony, one attesting that police coerced him into identifying Petitioner or face probation revocation and the other stating he felt threatened by the opposing gang in the fight on the night in question to identify Petitioner as the shooter.  *Id.*

On February 7, 2003, Petitioner, through counsel, filed a petition for postconviction relief pursuant to Ohio Revised Code §2953.21 challenging his felonious assault conviction as

8

a lesser included offense of attempted murder.  ECF Dkt. #8, Exhibit 44.  The State of Ohio

filed a brief in opposition to Petitioner's motion and filed a separate motion for summary

judgment on Petitioner's petition for postconviction relief.  ECF Dkt. #8, Exhibits 45, 46.

On April 4, 2003, the trial court denied Petitioner's motion for new trial and denied his

petition for postconviction relief.  ECF Dkt. #8, Exhibit 47.

On April 30, 2003, Petitioner, through counsel, filed a notice of appeal from the trial

court's April 4, 2003 judgment entries.  ECF Dkt. #8, Exhibit 48.

On May 6, 2003, the trial court filed its findings of fact and conclusions of law as to its

decisions on Petitioner's motion for new trial and petition for postconviction relief.  ECF Dkt.

#8, Exhibit 49.

On May 30, 2003, Petitioner, through counsel, filed his appellate brief raising the

following assignments of error:

> I.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
>         COURT DENIED HIS MOTION FOR NEW TRIAL WITHOUT AN
>         EVIDENTIARY HEARING.
>
> II.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
>         COURT OVERRULED DEFENDANT'S PETITION FOR POST-
>         CONVICTION RELIEF BASED ON A NEW INTERPRETATION OF
>         LAW BY THE OHIO SUPREME COURT.

ECF Dkt. #8, Exhibit 50.  The State filed its appellate brief and on December 11, 2003, the

Eighth District Court of Appeals announced its decision affirming the trial court's judgment.

ECF Dkt. #8, Exhibits 51, 52.  Petitioner filed an application for reconsideration of the decision

on December 22, 2003, but the court denied that application on January 4, 2004.  ECF Dkt. #8,

Exhibits 52, 54, 55.

On February 20, 2004, Petitioner, through counsel, filed a notice of appeal in the Ohio

9

Supreme Court.  ECF Dkt. #8, Exhibit 56.  In his memorandum in support of jurisdiction,

Petitioner presented the following propositions of law:

> PROPOSITION OF LAW NO. 1: A DEFENDANT IS DENIED DUE
> PROCESS OF LAW WHEN A COURT DENIES A MOTION FOR NEW
> TRIAL WHERE TRIAL WITNESSES HAVE SIGNED AFFIDAVITS
> ATTESTING TO THE FACT THEY WERE COERCED TO TESTIFY
> FALSELY AT DEFENDANT'S TRIAL.
>
> PROPOSITION OF LAW NO. 2: A DEFENDANT IS DENIED DUE
> PROCESS OF LAW WHERE A COURT FAILS TO GRANT RELIEF TO A
> DEFENDANT WHERE THE SUPREME COURT OF OHIO HAS
> DECLARED THAT THE OFFENSES FOR WHICH A DEFENDANT HAS
> BEEN CONVICTED IS NO LONGER AN OFFENSE.

ECF Dkt. #8, Exhibit 57.  The State filed a memorandum in opposition to jurisdiction and on

May 26, 2004, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any

substantial constitutional question.  ECF Dkt. #8, Exhibit 58, 59.

### E.     SECOND RESENTENCING

On November 13, 2003, based on the appellate court's February 10, 2003 resentencing

order, the trial court held a hearing and resentenced Petitioner to the same sentence as twice

before: a total of twenty-three years to life.   ECF Dkt. #8, Exhibit 60.

On December 12, 2003, Petitioner, through counsel, filed a notice of appeal in the

Eighth District Court of Appeals, and asserted the following three assignments of error:

> I.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
>        COURT RELIED ON MISINFORMATION IN IMPOSING
>        SENTENCE.
>
> II.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
>        COURT DID NOT CONDUCT A PROPER RESENTENCING
>        HEARING.
>
> III.   DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE
>        COURT SENTENCED DEFENDANT TO A CONSECUTIVE

10

SENTENCE.

ECF Dkt. #8, Exhibit 61, 62.  The State of Ohio filed an appellate brief and on July 8, 2004,

Petitioner, through counsel, filed a notice of new authority, attaching the *Blakely v.*

*Washington*, 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531 (2004) decision and stating that an

issue in his case concerned the imposition of sentence that was based upon factors not

submitted to a jury.   ECF Dkt. #8, Exhibits 63, 64.

On November 4, 2004, the Eighth District Court of Appeals announced its decision as

to Petitioner's appeal and Petitioner filed an application for reconsideration on November 15,

2004.  ECF Dkt. #8, Exhibits 65, 67.  Petitioner requested that the appellate court address his

*Blakely* issue in its opinion.  ECF Dkt. #8, Exhibit 67.  On November 19, 2004, the appellate

court denied Petitioner's application for reconsideration and journalized its decision addressing

Petitioner's assignments of error and affirming the judgment of the trial court.  ECF Dkt. #8,

Exhibits 65, 68.  The appellate court did not discuss *Blakely*.  ECF Dkt. #8, Exhibit 68.

On December 28, 2004, Petitioner, through counsel, filed a notice of appeal in the Ohio

Supreme Court and set forth the following propositions of law in his memorandum in support

of jurisdiction:

> PROPOSITION OF LAW NO. 1: A DEFENDANT [sic] HIS RIGHTS UNDER
> THE SIXTH AND FOURTEENTH AMENDMENTS WHEN A COURT
> IMPOSES A CONSECUTIVE SENTENCE BASED ON FACTS NEITHER
> ALLEGED IN THE INDICTMENT NOR FOUND BY THE JURY IN ITS
> VERDICT.
>
> PROPOSITION OF LAW NO. 2: A DEFENDANT IS DENIED DUE
> PROCESS OF LAW WHEN A COURT WHICH HAS BEEN ORDERED BY
> AN APPELLATE COURT TO DO A RESENTENCING DOES NOT
> CONDUCT A PROPER SENTENCING HEARING.

PROPOSITION OF LAW NO. 3: A DEFENDANT IS DENIED DUE
PROCESS OF LAW WHEN A DEFENDANT IS SENTENCED TO A
CONSECUTIVE SENTENCE BASED ON FACTORS WHICH ARE NOT
PROVIDED FOR BY LAW.

ECF Dkt. #8, Exhibits 69, 70.  The State filed a memorandum in opposition to jurisdiction and

on March 23, 2005, the Ohio Supreme Court denied Petitioner's appeal as not involving any

substantial constitutional question.  ECF Dkt. #8, Exhibits 71, 72.

### F.      MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL

On February 27, 2004, Petitioner filed a motion for leave in which to file a motion for

new trial based upon newly discovered evidence. ECF Dkt. #8, Exhibit 73.  Petitioner indicated

that he had obtained August 14, 2002 affidavits from Anthony Mixon and Arthur Jackson in

connection with his first motion for a new trial and these affidavits established that these men

provided false testimony identifying Petitioner as the shooter in the case which resulted in his

convictions.  *Id.*  Petitioner noted that he had filed a motion for new trial and application for

postconviction relief with these affidavits but the trial court never ruled on his motion for leave

within which to file the motion for new trial which contained these affidavits.  *Id.*  Petitioner

reasoned that the affidavits were thus newly discovered evidence which could not have been

discovered within 180 days of the trial date and this evidence showed that he was actually

innocent of the offenses for which he was convicted.  *Id.*

On April 20, 2004, the trial court, without opinion, denied Petitioner's motion for leave

within which to file a motion for new trial.  ECF Dkt. #8, Exhibit 74.

On May 18, 2004, Petitioner, through counsel, appealed the trial court's denial of his

motion for leave in which to file a motion for new trial.  ECF Dkt. #8, Exhibit 75.  On May 28,

2004, Petitioner presented the following assignment of error:

12

> DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL.

ECF Dkt. #8, Exhibit 76.  The State filed an appellate brief and on December 23, 2004, the appellate court announced its decision affirming the trial court's denial of leave to file a motion for new trial.  ECF Dkt. #8, Exhibits 78, 79.  Petitioner filed an application for reconsideration and the Eighth District Court of Appeals denied the application and journalized its decision affirming the trial court decision after applying *res judicata* to Petitioner's assignment of error. ECF Dkt. #8, Exhibits 80, 81, 82.

On February 23, 2005, Petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court and subsequently filed a memorandum in support of jurisdiction asserting the following proposition of law:

> I.   A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A COURT OVERRULES HIS MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WHERE HE BRINGS EVIDENCE OF ACTUAL INNOCENCE BEFORE THE COURT.

ECF Dkt. #8, Exhibits 83, 84.  On May 25, 2005, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.  ECF Dkt. #8, Exhibit 85.

### G.    MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL

On June 11, 2004, while his appeals of the denial of his motion for leave to file a motion for a new trial and  his second resentencing were pending in the Eighth District Court of Appeals, Petitioner, through counsel, filed another motion for leave to file a motion for new trial based on newly discovered evidence.  ECF Dkt. #8, Exhibit 86.  Petitioner attached his own affidavit, as well as the affidavits of Kenneth Bell and Quandale Johnson, who attested

13

that Petitioner had been injured at the scene and taken to the hospital and it was a man named

Benny and not Petitioner who committed the shootings.  *Id.*  The State filed a brief opposing

the motion and on July 27, 2004, the trial court denied the motion.  ECF Dkt. #8, Exhibit 88.

### H. PETITION TO THE COURTS FROM THE CITIZENS OF OHIO

On January 20, 2005, citizens filed a "Petition to the Courts from the Citizens of Ohio"

in the trial court in Petitioner's case.  ECF Dkt. #8, Exhibit 89.  In this filing, the citizens who

signed the petition expressed their concern that newly discovered evidence in Petitioner's case

was being overlooked and disregarded.  *Id.*  The citizens asserted that denying Petitioner a new

trial would be an injustice.  *Id*.  Attached to this petition were copies of affidavits from

Petitioner, Anthony Mixon, Arthur Jackson, Quandale Johnson, Kenneth Bell and Marquis

Dudley who attested that he drove Petitioner to the hospital on the night in question.  *Id.*

## II. FEDERAL HABEAS CORPUS PETITION

On May 25, 2006, Petitioner, through counsel, filed the instant petition pursuant to 28

U.S.C. § 2254.  ECF #1.  Petitioner raises the following grounds for relief:


FIRST CLAIM FOR RELIEF:
THE EIGHT[sic] DISTRICT COURT OF APPEALS DEPRIVED PETITIONER OF
HIS DUE PROCESS RIGHTS BY ERRONEOUSLY HOLDING THAT
PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL
WAS BARRED BY THE DOCTRINE OF RES JUDICATA.

SECOND CLAIM FOR RELIEF
THE TRIAL COURT'S DENIAL OF PETITIONER'S MOTION FOR LEAVE TO
FILE A MOTION FOR NEW TRIAL WHERE THE ONLY TWO WITNESSES WHO
IDENTIFIED PETITIONER AT TRIAL AS THE SHOOTER NOW CHANGE THEIR
TESTIMONY AND STATE THAT PETITIONER WAS NOT THE SHOOTER
CONSTITUTES AN ABUSE OF DISCRETION AND DEPRIVED PETITIONER OF
HIS DUE PROCESS RIGHTS.

THIRD CLAIM FOR RELIEF

14

THE TRIAL COURT'S FAILURE TO EVEN HOLD A HEARING ON PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL CONSTITUTES AN ABUSE OF DISCRETION AND DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS.

*Id*.

## III.   STANDARDS OF REVIEW

### A.   PROCEDURAL BARRIERS

A federal habeas petitioner must satisfy the doctrines of exhaustion and procedural default before the federal courts will review the merits of his petition.  The doctrine of exhaustion requires a federal habeas petitioner to exhaust available state judicial remedies on each issue relied upon in his federal habeas petition.  *Sweet v. Carter,* 22 F.Supp.2d 707, 718 (N.D. Ohio 1998), citing 28 U.S.C. § 2254(b) and *Koontz v. Glossa,* 731 F.2d 365 (6th Cir.1984).  The Sixth Circuit recognizes that this exhaustion requirement is satisfied "'once the federal claim has been fairly presented to the state courts* * *' " *Koontz,* 735 F.2d at 368 (*citing Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "In other words, the habeas petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law."  *Koontz*, 731 F.2d at 368.

Issues not presented as federal constitutional claims in the state courts are generally not cognizable by this Court in a federal habeas petition.  *Sweet*, 22 F.Supp.2d at 718.  However, if the state no longer provides a remedy for the habeas petitioner, the question becomes whether cause and prejudice exists to excuse the failure to present the claim in the state courts.  *Id.*  The petitioner shoulders the burden of proving cause and prejudice to excuse his failure to present the claim as a federal claim in the state courts.  *Id.*

The doctrine of procedural default also bars federal courts from reviewing federal

15

claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Id.* at 735.  Applying this presumption, the Sixth Circuit has established a four-step analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Using the *Maupin* test, the Court must determine (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and (4)  whether the petitioner has demonstrated "cause" and "prejudice."  *Id.* at 138.

A claim procedurally defaulted in state court will not be reviewable in federal habeas unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If petitioner fails to show cause for his procedural default, the reviewing court need not address the prejudice issue.  *Smith v. Murray*, 477 U.S. 527 (1986).

**B.     MERITS REVIEW**

If a petitioner overcomes the procedural hurdles and the Court reviews his federal

habeas corpus claims, the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

applies.  The AEDPA would apply to this Court's review of the instant case because Petitioner

filed his petition for habeas relief on May 25, 2006, well after the act's effective date of April

26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112

(1998).  The AEDPA provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the United States Supreme Court

clarified the language of § 2254(d)(1), holding that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this Court has
> on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413.  The Court also elaborated on the "unreasonable application"

clause, stating that "[a] state-court opinion can also engender the 'unreasonable application' of

17

Supreme Court precedent if it 'either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context.'" *Campbell*, 260 F.3d at 539 (*quoting Williams*, 529 U.S. at 409).  Further, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

In addition, the undersigned notes that federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice."  *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir.1986).  Similarly, a federal court is not free to ignore a state appellate court's pronouncement on matters of state law.  *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).  Lastly, "a determination of a factual  issue made by a state court shall be presumed correct."  28 U.S.C. § 2254(e)(1).  A petitioner must rebut this presumption of correctness by clear and convincing evidence.  *Id.*

The above standards apply to the review of Petitioner's claims.

**III.**   **LAW AND ANALYSIS**

Petitioner's primary challenge is to the Eighth District Court of Appeals' use of *res judicata* to bar the review of his second motion for new trial.  ECF Dkt. #1 at 8.  Petitioner asserts that the Eighth District Court of Appeals could not apply *res judicata* because the trial court never granted him leave within which to file his first motion for new trial and thus the

18

trial court's ruling on the first motion for new trial was *void ab initio*. *Id.*   Petitioner concludes that because no valid prior ruling exists on the first motion for new trial, the appellate court could not apply *res judicata* in order to bar review on the denial of his second motion for leave to file a motion for new trial.  *Id.* at 9.  He also challenges the trial court ruling on his motion for new trial, asserting that the trial court abused its discretion in denying his motion for new trial and failing to hold an evidentiary hearing on his motion.  *Id.*

### A.      PROCEDURAL DEFAULT

For the following reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his grounds for relief and has not demonstrated cause and prejudice or a fundamental miscarriage of justice in order to review the procedurally defaulted grounds.  In applying the *Maupin* factors in order to determine if Petitioner has in fact committed a procedural default which would bar review of his grounds for relief, Petitioner challenges the first prong of *Maupin*; that is, he contends that no applicable state procedural rule existed because the appellate court improperly applied *res judicata* when a valid final judgment did not exist upon which to apply this doctrine.  ECF Dkt. #13 at 5-6.

Petitioner maintains that Rule 33 of the Ohio Rules of Criminal Procedure requires a two-part procedure when filing a motion for new trial based upon newly discovered evidence more than one hundred twenty days after a jury's verdict.  *Id.* at 8.  He asserts that his counsel's contemporaneous filing of the motion for leave to file a motion for new trial with the motion for new trial violated Rule 33 and the trial court should have struck the motion for new trial as untimely and ruled upon the motion for leave to file the motion for new trial.  *Id.* at 8-9. Petitioner contends that the trial court should have found that he was unavoidably prevented

19

from discovering the new evidence and then issued an order on that motion, which would have prompted the motion for new trial.  *Id.*  Petitioner reasons that because no ruling was made on the motion for leave to file the motion for new trial, and no finding was made that he was unavoidably prevented from discovering the new evidence, the ruling on the motion for new trial was *void ab initio* and the appellate court had no basis upon which to apply *res judicata* to uphold the denial of the second motion for new trial.  *Id.* at 9.

The undersigned recommends that the Court find no merit to this assertion.  While the trial court technically should have first granted Petitioner leave within which to file his first motion for new trial before ruling on the motion itself, the ruling on the motion itself, which was filed contemporaneously with the motion for leave, inferred that the motion for leave had been granted.  Petitioner provides no legal support for a finding that a ruling on the motion for new trial is *void ab initio* when an Ohio trial court rules on a motion for new trial before ruling on a motion for leave to grant a motion for new trial.  And to find so would waste judicial resources since the trial court did make a finding on the merits of Petitioner's motion. Further, Petitioner may have waived the right to raise this issue since he did not raise it during the appeal of the denial of his first motion for new trial.  Nevertheless, the trial court clearly addressed the merits of the first motion for new trial and it seems nonsensical to void a trial court's decision on the merits of a motion for new trial because that court failed to first grant Petitioner leave to file the motion for new trial.  Moreover, this issue involves matters of state law so the question of cognizability before this Court also arises.  For these reasons, the undersigned recommends that the Court find no merit to Petitioner's unsupported assertion.

Consequently, the undersigned recommends that the Court find that the first *Maupin*

factor is met because the state appellate court properly applied *res judicata* to the appellate claims in Petitioner's appeal of the denial of his second motion for new trial.  Ohio courts apply the doctrine of *res judicata* in order to bar claims that were litigated previously and the Ohio appellate court in this case had already ruled upon these claims in Petitioner's appeal of the denial of his first motion for trial.  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); ECF Dkt. #8, Exhibit 52.

Petitioner concedes in his supplemental brief that the second and third *Maupin* factors are met and the undersigned recommends that the Court find that these factors are met as well. ECF Dkt. #13 at 9.  First, the Eighth District Court of Appeals specifically enforced the doctrine of *res judicata* in its opinion affirming the denial of Petitioner's second motion for new trial and the Ohio *res judicata* bar has been recognized by the Sixth Circuit Court of Appeals as an adequate and independent state ground for procedural default.  *Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

### 1.     CAUSE AND PREJUDICE

Accordingly, this Court must dismiss Petitioner's federal habeas corpus petition on the ground of procedural default unless Petitioner can establish cause to excuse his procedural default and prejudice if his grounds for relief are not considered, or he shows that a fundamental miscarriage of justice will occur if his grounds for relief are not reviewed. Petitioner first contends that he has cause to excuse his procedural default because the factual and legal bases for his federal claims were not reasonably available to counsel at the time since the recantations of two prosecution witnesses did not exist right away and these recantations

would have altered the outcome of his trial.

The undersigned recommends that the Court find that Petitioner has not established the requisite cause in order to excuse his procedural default.  The recantation affidavits were presented in Petitioner's first motion for a new trial and found unworthy to warrant a new trial by the state trial court.  ECF Dkt. #8, Exhibits 43, 47.  Thus, the representation in the second motion for a new trial that the affidavits were not discovered until later does not constitute cause to excuse the procedural default of the second motion for a new trial because these affidavits were available and presented in the first motion for new trial.  Since Petitioner has not established cause in which to excuse his procedural default, the Court need not reach the issue of prejudice.

### 2. __ACTUAL INNOCENCE__

Petitioner also contends that he is actually innocent of the offenses for which he was convicted and for support he relies upon the affidavits of Mixon and Jackson, the only two witnesses who identified him at trial as the shooter.  ECF Dkt. #13 at 12.  No other material evidence was presented at trial that linked Petitioner to the shooting apart from the testimony of these two witnesses.  In the "newly discovered" affidavits, these two witnesses recant their trial testimony identifying Petitioner as the shooter and they identify another individual named Benny as the shooter.

A prisoner may excuse his procedural default by either showing cause and prejudice, or by showing that the Court's failure to review his constitutional claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 749-750.  A prisoner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in

the conviction of one who is actually innocent.  *Id.*  In order to succeed on a claim of actual

innocence, a prisoner "must present[ ] evidence of innocence so strong that a court cannot have

confidence in the outcome of the trial unless the court is also satisfied that the trial was free of

nonharmless constitutional error."  *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130

L.Ed.2d 808 (1995).

Moreover, in order to demonstrate actual innocence, "a petitioner must show that it is

more likely than not that no reasonable juror would have found petitioner guilty beyond a

reasonable doubt." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851.  "[A]ctual innocence means factual

innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118

S.Ct. 1604, 140 L.Ed.2d 828 (1998).  The petitioner must "support his allegations of

constitutional error with new reliable evidence-whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."

*Schlup,* 513 U.S. at 324, 115 S.Ct. 851.  It must be kept in mind, however, that the actual

innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' "

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), quoting *Schlup, 513 U.S.* at 321, 115 S.Ct.

851.

The undersigned has thoroughly reviewed the standard of actual innocence and whether

Petitioner has presented sufficient evidence in order to meet this standard.  Based upon this

review, the undersigned must recommend that the Court find that Petitioner has not sufficiently

demonstrated actual innocence in order to merit review of his otherwise procedurally defaulted

grounds for relief.

In order for a petitioner to succeed in federal habeas corpus on an actual innocence

23

claim based upon newly discovered evidence, there must be an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Id.* (quoting *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Federal habeas corpus courts are not concerned with a petitioner's guilt or innocence, but rather the sole question is whether his constitutional rights have been preserved. *Id.* Federal courts may not relitigate state trials. *Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Further, a claim of actual innocence must be based on reliable evidence not presented at trial. *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).

In the instant case, Petitioner appears to make a sufficiency of the evidence argument in asserting that there is "*absolutely no inculpatory evidence* remaining" with which to convict him once the recanting affidavits are applied. ECF Dkt. #13 at 13. However, the undersigned questions whether this assertion is an independent constitutional violation apart from Petitioner's assertion of actual innocence. Nevertheless, Petitioner does appear to present other independent constitutional violations through his due process challenges to the state trial court's lack of ruling and the appellate court's ruling on his motion for leave to file a motion for new trial. In his grounds for relief in his instant federal habeas corpus petition, Petitioner contends that the trial court abused its discretion in denying his motion for leave to file a motion for new trial and his motion for an evidentiary hearing on the motion for leave in which to file a motion for new trial. Petitioner also asserts abuse of discretion by the Ohio appellate

court in applying the doctrine of *res judicata* to bar review of his second motion for a new trial.

These grounds for relief at first blush appear to concern state law issues as Petitioner argues about the abuse of discretion in the state court rulings.  ECF Dkt. #1 at 7, 9-12. Challenges to the discretion of state courts do not show, without more, a "violation of the Constitution or the laws or treaties of the United States," as required by 28 U.S.C. § 2254(a). *Sinistaj v. Burt,* 66 F.3d 804, 805 (6th Cir.1995).  It is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  However, Petitioner couches his three grounds for relief in a due process blanket.  He contends that the state trial court and appellate court violated his due process rights with its rulings relating to his motion for leave to file a motion for new trial.  An error involving state law is cognizable in federal habeas corpus review if it is also a violation of due process.  *Smith v. Bobby,* No. 5:04CV2353, 2005 WL 2076667 at*20 (N.D.Ohio Aug. 25, 2005), unpublished.  Accordingly, Petitioner in this case appears to have presented independent constitutional violations apart from his assertion of factual innocence.

Even though Petitioner has presented an independent constitutional violation with his claim of actual innocence, the undersigned nevertheless recommends that the Court find that Petitioner's case is not one that falls within the very narrow line of cases implicating a fundamental miscarriage of justice. "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324.  Here, Petitioner presents the affidavits of two prosecution witnesses more than three years after his convictions.  Recanting affidavits and witnesses are generally "viewed with extreme suspicion" and are considered unreliable.  *Artiaga v. Money,* No. 3:04CV7121, 2006 WL 1966612 at *11, quoting *United States v. Chambers,* 944 F.2d 1253, 1264 (6th Cir.1991); *see also, Dobbert v. Wainwright,* 468 U.S. 1231, 1233-34, 105 S.Ct. 34, 82 L.Ed.2d 925 (1984) (Brennan, J., dissenting from denial of certiorari)("Recantation testimony is properly viewed with great suspicion. It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction."); *Byrd v. Collins,* 209 F.3d 486, 508 n. 16 (6th Cir.2000)  ("'Recanting affidavits and witnesses are viewed with extreme suspicion by the courts.'" (quoting *Spence v. Johnson,* 80 F.3d 989, 997 (5th Cir.1996))); *Allen v. Woodford,* 395 F.3d 979, 994 (9th Cir.2005), *cert. denied sub nom Allen v. Brown,* 126 S.Ct. 134 (2005) ("'recantation testimony is generally considered exceedingly unreliable'")(quoting 58 Am.Jur., *New Trial* § 345).  Recantations by prosecution witnesses are typically viewed with the "utmost suspicion". *Hence v. Smith,* 37 F.Supp.2d 970, 981 (E.D. Mich.1999), quoting *United States v. Kearney,* 682 F.2d 214, 219 (D.C.Cir.1982).

The inherent suspiciousness of the recanting affidavits coupled with their late filing more than three years after conviction and the lack of explanation as to why they were filed so late compels the undersigned to recommend that the Court find that Petitioner has not demonstrated new reliable evidence of constitutional error.  And the fact that these witnesses

are now recanting raises other concerns about their credibility and reliability since they

testified, under an oath of supposed truthfulness at trial, that Petitioner was the shooter.  Also

impacting credibility is the attestation of one of the witnesses that he was on parole at the time

that he gave his statement identifying Petitioner to police.  ECF Dkt. #1, Exhibit B.  Moreover,

posttrial recantation affidavits "go to the merits of Petitioner's convictions, not its legality."

*Hence v. Smith,* 37 F.Supp.2d 970, 980 (E.D.Mich.1999)( "posttrial recantation of an

accomplice witness also does not warrant habeas relief since such evidence goes to the merits

of the conviction, not its legality").

**IV.**     **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that

Petitioner has procedurally defaulted all of his grounds for relief and he has failed to

sufficiently demonstrate cause and prejudice or actual innocence in order for this Court to

review his otherwise procedurally defaulted grounds for relief.  The undersigned recommends

that the Court dismiss Petitioner's federal habeas corpus petition with prejudice.

Dated: March 5, 2007

   /s/George J. Limbert
George J. Limbert
United State Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk
of Court within ten (10) days of service of this notice.  Failure to file objections within the
specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See
Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).