**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RICARDO GRAY, ) | Case No. 1:06CV1308 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE CHRISTOPHER BOYKO |
| vs. ) | |
| ) | |
| STUART HUDSON, WARDEN, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

## CHRISTOPHER A. BOYKO,J:

This matter is before the Court on Petitioner Ricardo Gray's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and denies Petitioner's petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. On November 30, 1998, the Cuyahoga County Grand Jury indicted Petitioner on one count of Aggravated Murder with a Firearm Specification in violation of Ohio Revised Code § 2903.01. On February 23, 1999, a jury found Petitioner not guilty of

1

Aggravated Murder with a Firearm Specification, but found him guilty of the Lesser Included Offense of Murder with a Firearm Specification, in violation of Ohio Revised Code §2903.02, and Felonious Assault with a Firearm Specification, in violation of Ohio Revised Code §2903.11. On the same date, the trial court sentenced Petitioner to a total prison term of twenty-three years to life, which included fifteen years for Murder plus three years for the Firearm Specification and five years for the Felonious Assault conviction plus three years for the Firearm Specification, with the Firearm Specifications merged.  On March 23, 1999, Petitioner, through counsel, timely filed an appeal with the Eighth District Court of Appeals.  On August 7, 2000, the Eighth District Court of Appeals issued an opinion addressing and overruling each of the assignments of error.  On September 11, 2000, Petitioner, through new counsel, filed a Notice of Appeal and Memorandum in Support of Jurisdiction to the Ohio Supreme Court and  on November 22, 2000, the court dismissed the appeal as not involving any substantial constitutional question.

On October 31, 2000, while his direct appeal was pending before the Ohio Supreme Court, Petitioner, through prior Ohio Supreme Court counsel, filed an Application to Reopen in the appellate court pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  On September 17, 2001, the appellate court granted in part and denied in part Petitioner's Rule 26(B) application.  The court found that the trial court did not make the requisite findings required by statute when sentencing Petitioner to consecutive sentences, but denied the rest of Petitioner's assignments of error.  On October 22, 2001, Petitioner, through counsel, appealed the appellate court's decision as to the denial of the rest of his assignments of error to the Ohio Supreme Court.  On December 19, 2001, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any

substantial constitutional question. As to the one assignment of error that the appellate court reopened relating to consecutive sentencing, Petitioner filed his appellant's brief in this matter, but it was stricken from the record as non-compliant with the Ohio Appellate Rules.

Petitioner thereafter filed a Compliant Brief and on March 25, 2002, the appellate court vacated Petitioner's original sentence and remanded the case for re-sentencing.  On April 5, 2002, while he was awaiting re-sentencing in the trial court, Petitioner, through counsel, filed a Motion to Dismiss the Felonious Assault count with the trial court, indicating that while he was awaiting re-sentencing, the Ohio Supreme Court had ruled that Felonious Assault was not a Lesser Included Offense of Attempted Murder. The trial court denied the Motion to Dismiss and re-sentenced Petitioner to the same term of imprisonment as the original sentence; that is, twenty-three years to life.

On June 28, 2002, Petitioner, through counsel, filed a Notice of Appeal from the re-sentencing order to the Eighth District Court of Appeals. On February 10, 2003, the appellate court  held that the trial court failed to conduct a new re-sentencing hearing as ordered and failed to allow Petitioner his right to allocute at the hearing.  The court therefore vacated Petitioner's sentence and remanded it to the trial court for a second re-sentencing.  On March 25, 2003, the State of Ohio filed a Notice of Appeal of the appellate court's second re-sentencing opinion to the Ohio Supreme Court.   On April 2, 2003, Petitioner, through counsel, filed a Notice of Appeal and Cross-appeal. On June 11, 2003, the Ohio Supreme Court denied the State leave to appeal, denied petitioner leave to cross-appeal, and dismissed these actions as not involving any substantial constitutional questions.

On August 29, 2002, while his appeal was pending before the Eighth

3

District Court of Appeals, Petitioner, through counsel, filed a Motion for New Trial Based on Newly Discovered Evidence or, in the alternative, Petition for Post-conviction Relief.  On February 7, 2003, Petitioner, through counsel, filed a Petition for Post-conviction Relief pursuant to Ohio Revised Code §2953.21, challenging his Felonious Assault conviction as a Lesser Included Offense of Attempted Murder.  On April 4, 2003, the trial court denied Petitioner's Motion for New Trial and denied his Petition for Post-conviction Relief.   On April 30, 2003, Petitioner, through counsel, filed a Notice of Appeal from the trial court's April 4, 2003 judgment entries. On May 6, 2003, the trial court filed its Findings of Fact and Conclusions of Law as to its decisions on Petitioner's Motion for New Trial and Petition for Post-conviction Relief. On May 30, 2003, Petitioner, through counsel, filed his appellate brief.  On December 11, 2003, the Eighth District Court of Appeals announced its decision affirming the trial court's judgment. Petitioner filed an Application for Reconsideration of the Decision on December 22, 2003, but the court denied that application on January 4, 2004. On February 20, 2004, Petitioner, through counsel, filed a Notice of Appeal in the Ohio Supreme Court.

On May 26, 2004, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. On November 13, 2003, based on the appellate court's February 10, 2003 re-sentencing order, the trial court held a hearing and re-sentenced Petitioner to the same sentence as twice before: a total of twenty-three years to life.  On December 12, 2003, Petitioner, through counsel, filed a Notice of Appeal in the Eighth District Court of Appeals. Petitioner, through counsel, filed a Notice of New Authority, attaching the *Blakely v.Washington*, 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531 (2004) decision and stating that an issue in his case concerned the imposition of sentence that

was based upon factors not submitted to a jury. On November 4, 2004, the Eighth District Court of Appeals announced its decision affirming the judgment of the trial court as to Petitioner's appeal and Petitioner filed an Application for Reconsideration on November 15, 2004.  On November 19, 2004, the appellate court denied Petitioner's Application for Reconsideration and affirmed the judgment of the trial court. On December 28, 2004, Petitioner, through counsel, filed a Notice of Appeal in the Ohio Supreme Court. On March 23, 2005, the Ohio Supreme Court denied Petitioner's appeal as not involving any substantial constitutional question.

On February 27, 2004, Petitioner filed a Motion for Leave in Which to File a Motion for New Trial Based Upon Newly Discovered Evidence.   On April 20, 2004, the trial court  denied Petitioner's Motion for Leave Within Which to File a Motion for New Trial. On May 18, 2004, Petitioner, through counsel, appealed the trial court's denial of his Motion for Leave in Which to File a Motion for New Trial. On December 23, 2004, the appellate court announced its decision affirming the trial court's denial of Leave to file a Motion for New Trial.   Petitioner filed an Application for Reconsideration and the Eighth District Court of Apeals denied the application announcing its decision December 23, 2004. On February 23, 2005, Petitioner, through counsel, filed a Notice of Appeal to the Ohio Supreme Court. On May 25, 2005, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On June 11, 2004, while his appeals of the denial of his Motion for Leave to File a Motion for a New Trial and his second resentencing were pending in the Eighth District Court of Appeals, Petitioner, through counsel, filed another Motion for Leave to File a Motion for New Trial Based on Newly Discovered Evidence. On July 27, 2004, the trial court denied the motion.

5

On May 25, 2006, Petitioner, through counsel, filed the instant Petition for a Writ of Habeas Corpus asserting the following claims:

**GROUND ONE:** THE EIGHT[sic] DISTRICT COURT OF APPEALS DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS BY ERRONEOUSLY HOLDING THAT PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WAS BARRED BY THE DOCTRINE OF RES JUDICATA.

**Supporting FACTS:** The first Motion for New Trial was filed contemporaneously with the first Motion for Leave to File a Motion for New Trial in violation of the procedures mandated in Crim. R. 33. Petitioner's first Motion for New Trial was therefore a nullity and should never have been ruled on by the trial court.  The denial of Petitioner's second Motion for Leave to File a Motion for New Trial, the affirmance by the Eighth District Court of Appeals on res judicata grounds, and the denial of jurisdiction by the Ohio Supreme Court deprived Petitioner of his due process rights.

**GROUND TWO:** THE TRIAL COURT'S DENIAL OF PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WHERE THE ONLY TWO WITNESSES WHO IDENTIFIED PETITIONER AT TRIAL AS THE SHOOTER NOW CHANGE THEIR TESTIMONY AND STATE THAT PETITIONER WAS NOT THE SHOOTER CONSTITUTES AN ABUSE OF DISCRETION AND DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS.

**Supporting FACTS:** Had the trial court granted the Motion for Leave to file a Motion for New Trial, the Motion for New Trial could not have been denied absent an abuse of discretion on the part of the trial court as the new evidence clearly meets the requirements set forth in *State v. Petro* (1947), 148 Ohio St. 505.  The trial court's denial of Petitioner's Motion for Leave to file a Motion for New Trial thereby ultimately denied him a new trial, depriving him of his due process rights.

**GROUND THREE:** THE TRIAL COURT'S FAILURE TO EVEN HOLD A HEARING ON PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL CONSTITUTES AN ABUSE OF DISCRETION AND DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS.

**Supporting FACTS:** The trial court did not hold a hearing on any of Petitioner's Motions for Leave to File a Motion for New Trial. The compelling nature of the new evidence in this case is such that the trial court's failure to even hold a hearing was unreasonable and arbitrary, and therefore amounts to an abuse of discretion.

On June 2, 2006, this Court referred Petitioner's petition to the Magistrate

Judge for a Report and Recommendation.  On January 2, 2007, the Petitioner filed a Traverse to Return of Writ.  The Magistrate Judge issued his Report and Recommendation on March 5, 2007.  Petitioner filed a Motion for Extension of Time To File Objections to Magistrate's Report and Recommendation on March 8, 2007 and April 13, 2007.  Petitioner filed his Objections to the Report and Recommendation on April 23, 2007.

## **STANDARD OF REVIEW**

A federal habeas petitioner must satisfy the doctrines of exhaustion and procedural default before the federal courts will review the merits of his petition. The doctrine of exhaustion requires a federal habeas petitioner to exhaust available state judicial remedies on each issue relied upon in his federal habeas petition. *Sweet v. Carter,* 22 F.Supp.2d 707, 718 (N.D. Ohio 1998), citing 28 U.S.C. § 2254(b) and *Koontz v. Glossa,* 731 F.2d 365 (6th Cir.1984). The Sixth Circuit recognizes that this exhaustion requirement is satisfied "'once the federal claim has been fairly presented to the state courts* * *' " *Koontz,* 735 F.2d at 368 (*citing Picard v. Connor*, 404 U.S. 270, 275 (1971)). "In other words, the habeas petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz*, 731 F.2d at 368.

Issues not presented as federal constitutional claims in the state courts are generally not cognizable by this Court in a federal habeas petition. *Sweet*, 22 F.Supp.2d at 718. However, if the state no longer provides a remedy for the habeas petitioner, the question becomes whether cause and prejudice exists to excuse the failure to present the claim in the state courts. *Id.* The petitioner shoulders the burden of proving cause and prejudice to excuse his failure to present the claim as a federal claim in the state courts. *Id.*

7

The doctrine of procedural default also bars federal courts from reviewing federal claims that a state court has declined to address because of a petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Id.* at 735. Applying this presumption, the Sixth Circuit has established a four-step analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Using the *Maupin* test, the Court must determine (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138.

A claim procedurally defaulted in state court will not be reviewable in federal habeas unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If petitioner fails to show cause for his procedural default, the reviewing court need not address the prejudice issue. *Smith v. Murray*, 477 U.S.

527 (1986).

## ANALYSIS

The Magistrate judge determined Petitioner's claims were procedurally defaulted under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. The AEDPA would apply to the review of the instant case because Petitioner filed his petition for habeas relief on May 25, 2006, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). The AEDPA provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the United States Supreme Court clarified the language of § 2254(d)(1), holding that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413.

The Court also elaborated on the "unreasonable application" clause, stating that "[a] state-court opinion can also engender the 'unreasonable application' of Supreme Court precedent if it 'either unreasonably extends or

9

unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context.'" *Campbell*, 260 F.3d at 539 (*quoting Williams*, 529 U.S. at 409). Further, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Magistrate Judge also notes that federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir.1986). Similarly, a federal court is not free to ignore a state appellate court's pronouncement on matters of state law. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000). Lastly, "a determination of a factual issue made by a state court shall be presumed correct." 28 U.S.C. § 2254(e)(1). A petitioner must rebut this presumption of correctness by clear and convincing evidence. *Id.*

Petitioner contends the Eighth District Court of Appeals' use of *res judicata* to bar the review of his second motion for new trial deprived him of his due process rights.   As the Magistrate Judge's Report and Recommendation makes clear, Petitioner has procedurally defaulted his grounds for relief and has not demonstrated cause and prejudice or a fundamental miscarriage of justice in order to review the procedurally defaulted grounds.  While the trial court technically should have first granted Petitioner leave within which to file his first

10

Motion for New Trial before ruling on the motion itself, the ruling on the motion itself, which was filed contemporaneously with the motion for leave, inferred that the Motion for Leave had been granted. Petitioner provides no legal support for a finding that a ruling on the Motion for New Trial is *void ab initio* when an Ohio trial court rules on a motion for new trial before ruling on a motion for leave to grant a motion for new trial. The Court finds Petitioner waived the right to raise this issue since he did not raise it during the appeal of the denial of his first motion for new trial.

The Magistrate Judge determined the trial court clearly addressed the merits of the first Motion for New Trial. This Court agrees it seems nonsensical to void a trial court's decision on the merits of a Motion for New Trial because that court failed to first grant Petitioner Leave to File the Motion for New Trial. Furthermore, the Eighth District Court of Appeals specifically enforced the doctrine of *res judicata* in its opinion, affirming the denial of Petitioner's second Motion for New Trial and the Ohio *res judicata* bar has been recognized by the Sixth Circuit Court of Appeals as an adequate and independent state ground for procedural default. *Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Therefore, the Court finds no merit to Petitioner's unsupported assertion.

Petitioner contends he has cause to excuse his procedural default because the factual and legal bases for his federal claims were not reasonably available to counsel at the time, since the recantations of two prosecution witnesses did not exist right away and these recantations would have altered the outcome of his trial. The Magistrate Judge determined the recantation affidavits were presented in Petitioner's first Motion for a New Trial and found unworthy to warrant a new trial by the state trial court. Therefore, this Court agrees the

11

representation in the second Motion for a New Trial that the affidavits were not discovered until later does not constitute cause to excuse the procedural default of the second Motion for a New Trial because these affidavits were available and presented in the first Motion for New Trial. The Court finds Petitioner has not established cause in which to excuse his procedural default and therefore, the Court need not reach the issue of prejudice.

Petitioner also contends  he is actually innocent of the offenses for which he was convicted and relies on affidavits of two witnesses who identified him as the shooter at trial.  The Court finds the Magistrate Judge thoroughly reviewed the standard of actual innocence and agrees Petitioner has not sufficiently demonstrated actual innocence in order to merit review of his otherwise procedurally defaulted grounds for relief. In order for a petitioner to succeed in federal habeas corpus on an actual innocence claim based upon newly discovered evidence, there must be an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Petitioner has failed to show a fundamental miscarriage of justice.

As the Magistrate Judge's Report and Recommendation makes clear, the inherent suspiciousness of the recanting affidavits, coupled with their late filing more than three years after conviction, and the lack of explanation as to why they were filed so late, compels the Court to find that Petitioner has not demonstrated new reliable evidence of constitutional error. And the fact that these witnesses are now recanting raises other concerns about their credibility and reliability since they testified under an oath of supposed truthfulness at trial that Petitioner was the shooter.  Furthermore,  "posttrial recantation of an accomplice witness also does not warrant habeas relief since such evidence goes to the merits of the

12

conviction, not its legality". *Hence v. Smith,* 37 F.Supp.2d 970, 980 (E.D.Mich.1999).

For the foregoing reasons, the Court finds Petitioner has procedurally defaulted all his grounds for relief and has failed to sufficiently demonstrate cause and prejudice or actual innocence. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation. Therefore, Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

S/Christopher A. Boyko

Date  5-5-2008  CHRISTOPHER A. BOYKO
United States District Judge